FILED
NOV 18 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PAMELA ALFORD; BASIN SUPERIOR INVESTMENTS, LLC; BIG E INVESTMENTS, LLC; BARRY & CHRISTINA CHADWICK; SANDRA CAMPBELL; JIE LIU & LAN CHEN; PAMELA S. CURL; AMARYLLIS DAHL; JASON DASKALOS; MICHAEL DOHERTY; DAVID & BRENDA DUFFY; WILLIAM GROVES; DOUGLAS & CHARLING HAMBLEY; HIS FUNDING, LLC; DARIN JANTZER; SANDY JOHNSON; JOSEPH & APRIL KIEBERT; MARILYN E. KJELLAND; NELSON L. LANG; JEFF LOVELACE; WILLIAM LUFKIN; DAVID & HEIDI MCKENZIE; JAMES & CARIE MCKENZIE; KEITH J. AND SANDY MILLER; KAREN MOFFATT; JAY & BECKY MUTSCHLER; L. CHARLENE MUTSCHLER; DENNIS & CAROL MCNAUGHT; LYNN & KATHERINE | Civ. No.10-579-AC<br><br>FINDINGS AND RECOMMENDATION |

OSBORN; SEAN PEARSON; STEVE &
NANCY PHILLIPS; PINPOINT
DEVELOPMENT, INC.; POLARIS
INVESTMENTS, LLC; DENZIL R. &
TRACI L. ROGERS; TODD J. SIMMONS
& SALLY A. ROGGASCH; DAWN
SMITH (formerly known as DAWN
LANG); CHERYL SPURLOCK;
JENNIFER SWEET; THELMA SWEET;
WILLIAM SWEET; ROBERT
THIBEDEAU; FROYDIS TYBURCZY;
BRUCE VAN ETTEN; RICARDO &
MARY VELA; MICHAEL R. & DONNA
VITKAUSKAS; MELBOURNE J. &
SHIRLEY YATES; REBECCA YU;
MAOXIAO YU & YUZHEN CHANG;
LUCY ZELLER; and WEIDONG & HONG
ZHOU,

      Plaintiffs,

  v.

JOSEPH A. LACOSTE; JOENE
LACOSTE; ANGELA MCCOY;
ANTHONY TUOMI; PETER MARTIN;
THE MARTIN CO., INC.; TIMOTHY D.
SMITH; ANDREW J. BEAN;
WEATHERFORD THOMPSON
COWGILL BLACK & SCHULTZ,
PC;WILLIAM C. DUVAL; DUVAL
BUSINESS LAW, PC; STATE FARM
INVESTMENT MANAGEMENT CORP., a
foreign corporation; and STATE FARM VP
MANAGEMENT CORP., a Delaware
corporation,

      Defendants.

---

ACOSTA, Magistrate Judge:

*Introduction*

Thirty garnishment proceedings have been brought in state court against National Union Fire Insurance Company ("National Union") to enforce judgments against Angela McCoy in the case of *Pamela Alford et al. v. Joseph A. LaCoste, et al.*, Multnomah County Circuit Court Case No. 0806-09101, filed on June 24, 2008. National Union removed all of those proceedings to this court. Remand is sought in twenty of the proceedings. Garnishor Big E Investors, LLC; Sandra Campbell; Jason Daskalos; Michael Doherty; William Groves; HIS Funding, LLC; Darin Jantzer; Sandy Johnson; Marilyn Kjelland; Jeff Lovelace; Dennis and Carol McNaught; Karen Moffatt; L. Charlene Mutschler; Denzil and Traci Rogers; Dawn Smith; Cheryl Spurlock; Jennifer Sweet; Michael and Donna Vitkauskas; Rebecca Yu; and Maoxiao and Yuzhen Chang Yu (collectively "Garnishors") move to remand to state court. For the reasons below, Garnishors' motion to remand should be GRANTED.

*Background*

In *Alford v. LaCoste*, the underlying state action out of which the present garnishment proceedings arose, the plaintiffs sought damages from various defendants as a result of investments involving Willamette Development Services, LLC. On February 5, 2010, thirty of the plaintiffs ("Plaintiffs") obtained a default judgment against McCoy on Plaintiffs' claim that McCoy was negligent with respect to investment advice she gave Plaintiffs. The default judgment contained a separate money award for each of the thirty Plaintiffs. Ten of the Plaintiffs received awards over $75,000, while twenty of the Plaintiffs, Garnishors here, received awards under $75,000.

On May 14, 2010, Plaintiffs, now judgment creditors, each served a writ of garnishment ("Writs") upon McCoy's alleged insurer, National Union, pursuant to Oregon Revised Statute § 18.352. National Union responded on May 20, 2010 to each writ of garnishment, disputing that its

policy covered McCoy. The next day, May 21, 2010, National Union removed the thirty garnishment proceedings to this court pursuant to 28 U.S.C. § 1441(a) ("§ 1441(a)"). National Union claimed diversity jurisdiction under 28 U.S.C § 1332(a) ("§ 1332(a)"). Garnishors now move to remand.

Garnishors argue that this court lacks jurisdiction over the twenty Writs that are below $75,000 because these Writs do not individually meeting the amount-in-controversy requirement of § 1332(a). Furthermore, supplemental jurisdiction under 28 U.S.C. § 1367 ("§ 1367") is not appropriate based on the ten Writs that are greater than $75,000 because each individual Writ is a separate and discrete civil action, not merely a claim in a single action. Garnishors also ask for attorney fees, arguing that National Union removed without an objectively reasonable basis for doing so.

This case and the underlying state action are part of a family of related cases currently being adjudicated in Oregon. On January 29, 2009, *McCoy v. National Union*, (Civ. No. 09-122-AC), was removed to this court. In that case, McCoy, the judgment debtor here, seeks declaratory judgment of insurance coverage by National Union and alleges National Union breached its contract of insurance when it refused to defend McCoy against charges in *Alford v. LaCoste* and in a second related case, *Walston v. LaCoste* (Civ. No. 10-6126-TC). *Walston* involves another group of plaintiffs suing on claims and factual circumstances similar to those in *Alford v. LaCoste*. McCoy is listed among the defendants in *Walston*, which was removed to this court's Eugene division on May 26, 2010.

*Discussion*

I.   Motion for Remand

The federal removal statute, § 1441(a), allows removal of civil actions "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). However, there is a "strong presumption" against removal jurisdiction, and the party requesting removal "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). National Union argues that the court has diversity jurisdiction under § 1332(a). The parties agree that complete diversity is present but dispute whether the amount in controversy requirement has been met. Twenty of the Writs, those of the Garnishors, are below the threshold amount of $75,000. National Union proposes two theories under which this court may exercise jurisdiction over the Garnishors. The first is a theory of claim aggregation under the Supreme Court case of *Sovereign Camp v. O'Neill*, and the second is supplemental jurisdiction under § 1367(a). National Union has not met its burden in proving by either of these theories that the court has original jurisdiction over the Garnishors' actions. Therefore, Garnishors' motion for remand should be granted.

  A. *Jurisdiction through aggregation of claims under* Sovereign Camp

National Union argues that *Sovereign Camp* permits the aggregation of the twenty Writs below $75,000 to meet the amount in controversy requirement. However, each of the Garnishors' claims against National Union are separate and distinct, making aggregation inappropriate. Furthermore, *Sovereign Camp* does not apply to the facts of this case.

"A court may aggregate claims of . . . multiple plaintiffs against one defendant where the claims are 'common and undivided so that the defendants' liability is joint and not several.'" *Chanouzas v. U.S. Bank Nat. Ass'n*, 2009 WL 3734101, at *3 (D. Or. Nov. 3, 2009) (quoting *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 510 (9th Cir. 1978)). The phrase "common and

undivided interest" means that the matter "cannot be adjudicated without implicating the rights of everyone involved with the res." *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 959 (9th Cir. 2001) (quoting *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1423 (2d Cir. 1997)). Aggregation is not appropriate where plaintiffs have "separate and distinct demands." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 943 (9th Cir. 2001) (quoting *Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40 (1911)).

The twenty Writs may not be aggregated to satisfy the jurisdictional amount because the Garnishors' claims are not based on a "common and undivided interest." Although the Garnishors all seek to be satisfied from the same insurance policy, their individual rights to be satisfied rest on separate money awards for specific amounts. Likewise, National Union's liability to Garnishors is several, not joint. Satisfaction of one of the Garnishors' claims does not implicate the rights of another Garnishor, nor does it release National Union from its liability to any other Garnishor. Therefore, the Garnishors' claims are "separate and distinct" and should not be aggregated.

National Union argues that the Garnishors have a "common and undivided interest" based on the Supreme Court case *Sovereign Camp v. O'Neill*, 266 U.S. 292 (1924). Specifically, National Union argues that the twenty Writs may be aggregated because the claims "depend upon the same issue," such that success on one of the Garnishors' claims means success for all claims. (Opposition of Garnishee 3-4.) National Union further argues that because the Plaintiffs' claims in the underlying lawsuit are based on the same violations, the Writs are "so tied" together as to make them one claim for the sake of the amount in controversy requirement. (*Id.*)

National Union incorrectly states the *Sovereign Camp* doctrine. *Sovereign Camp* does not apply to the facts of this case, and, therefore, it cannot be relied on to justify removal of the

Garnishors' garnishment proceedings. The *Sovereign Camp* case was initiated by the Sovereign Camp Woodmen of the World fraternal society against twenty-five of its members. 266 U.S. at 293. The Society alleged that the twenty-five members had entered into a conspiracy to secure their election as delegates in that society for the ultimate purpose of attempting to ruin the society. *Id.* When their plan was defeated by other persons in the society who were properly elected, the twenty-five agreed, as a continuation of their conspiracy, to each file a state court action against the society to recover money spent to attend the election and to contest their non-election. *Id.* at 293-94. Each state action alleged the same cause of action and involved the same single issue (*i.e.*, that the election was forged). *Id.* Also, each action involved a discrete monetary request based on the member's individual expenses, and each request was below the amount in controversy requirement of $3,000 at that time. *Id.* at 294-95. Sovereign Camp sought in federal court to enjoin the state actions because to defend each action separately would cause the society great expense. *Id.*

The Supreme Court held that federal jurisdiction over Sovereign Camp's action to enjoin the twenty-five lawsuits was appropriate based on an exception to the general rule of non-aggregation developed in *McDaniel v. Traylor*, 212 U.S. 428 (1909). Like *Sovereign Camp*, *McDaniel* was also a suit against multiple defendants to enjoin several claims – liens, in that case – against the plaintiff that were allegedly fraudulently procured by the defendants acting in concert. *Id.* at 433. The Court aggregated the claims to satisfy the amount in controversy requirement because it was the "fraudulent combination and conspiracy which united the claims and made the aggregate of the claims the matter in dispute." *Id.* Similarly, in *Sovereign Camp*, the Court reasoned that jurisdiction was justified because: "A conspiracy to prosecute, by concert of action, numerous baseless claims against the same person for the wrongful purpose of harassing and ruining him, partakes of the nature

FINDINGS AND RECOMMENDATION         7                              {KPLR}

of a fraudulent conspiracy; and in a suit to enjoin them from being separately prosecuted, it must likewise be deemed to tie together such several claims as one claim for jurisdictional purposes, making their aggregate amount the value of the matter in controversy." *Sovereign Camp*, 266 U.S. at 297-98. Therefore, although it is generally inappropriate to aggregate claims that are "separate and distinct," the court can exercise its equitable power to aggregate such claims where circumstances similar to those of *Sovereign Camp* or *McDaniel* have otherwise united the claims.

Essential to application of the *Sovereign Camp* exception is an allegation of a conspiracy among the parties whose claims are to be aggregated. *See, e.g., Indemnity Ins. Co. of North America v. School Dist. No. 1, Stockbridge Tp., Ingham County, Mich.*, 63 F.2d 878, 879 (6th Cir. 1933) ("We are of the opinion that, in the absence of an allegation of conspiracy, the decree of the District Court [denying jurisdiction] must be affirmed upon authority of *Sovereign Camp* . . . ."); *accord Armour & Co. v. Haugen*, 95 F.2d 196, 200 (8th Cir. 1938); *Georgia Power Co. v. Hudson*, 49 F.2d 66, 68 (4th Cir. 1931). It is the act of conspiracy among the claimants that creates the "common and undivided interest" among their claims and, by balancing the equities, justifies the court's treatment of the claims as one claim for jurisdictional purposes.

*Sovereign Camp* is distinguishable from the facts of this case in several respects. First, and most importantly, National Union has not alleged a fraudulent conspiracy among the Garnishors. In *Sovereign Camp*, it was the fraudulent conspiracy of the defendants that tied together their claims; their own bad acts in concert created a bond between their claims that the Court prevented them from denying for purposes of jurisdiction. Here, Garnishors' claims are connected only by the underlying state action. But, Plaintiffs' filing of their claims together in the state action and basing of their claims on the same violations involved no acts of fraud or conspiracy on the part of the Plaintiffs

and, in fact, no such allegation has been made. The fact that the violations alleged involved fraud is irrelevant because the fraudulent acts were not by the Garnishors. Therefore, the Garnishors have not acted in a manner that sufficiently "tied together" their claims in the present action. Second, National Union does not allege the Garnishors filed their claims separately for purposes of harassment and are thereby abusing the legal system. Third, National Union also does not allege that the Garnishors' claims are baseless. By contrast, the claims here rely on a final judgment that this court must recognize as valid. Finally, *Sovereign Camp* was an action seeking injunctive relief from what was in essence vexatious litigation on the part of the defendants. In this case, however, National Union is not suing the Garnishors and requesting relief from allegedly frivolous garnishment actions.

The court acknowleges that here, similar to *Sovereign Camp,* the Garnishors' claims are based on the same single issue, McCoy's coverage under National Union's policy. It is also true that application of *Sovereign Camp* may be inappropriate when the claims do not involve the same issue. *See, e.g., Georgia Power Co.*, 49 F.2d at 68. However, National Union mistakenly asserts that this element is sufficient for application of *Sovereign Camp* when it is only a necessary condition. Without an allegation of fraudulent conspiracy among the Garnishors, aggregation cannot be based on *Sovereign Camp*. As stated above, *Sovereign Camp* is sufficiently distinguishable from the facts of this case to make it inapplicable. Therefore, National Union has failed to prove that claim aggregation is appropriate here.

B.  *Supplemental Jurisdiction*

National Union argues that the court has supplemental jurisdiction over the twenty Writs of the Garnishors by means of its original jurisdiction over the ten Writs that meet the amount in

controversy requirement. However, because the garnishment proceeding of each Writ is a separate civil action, supplemental jurisdiction is not appropriate.

Where the district court has original jurisdiction over "'at least one' claim . . . , supplemental jurisdiction may be exercised over the claims of other parties" as long as the claims form part of the same case or controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 559 (2005)); 28 U.S.C. § 1367(a). Supplemental jurisdiction arises "when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." *Peacock v. Thomas*, 516 U.S. 349, 355 (1996). The court cannot exercise supplemental jurisdiction over claims asserted in a separate case: "Supplemental jurisdiction must be exercised in the same action that furnishes the basis for exercise of supplemental jurisdiction." *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 86-87 (9th Cir. 1997).

Supplemental jurisdiction would be appropriate here if (1) all thirty Writs were claims in the same action and (2) each of the Writs formed part of the "same case or controversy." It is undisputed that the Writs arise from the same case or controversy, the underlying state action of *Alford v. LaCoste*, and the liability of National Union for McCoy's actions. However, the court concludes that each Writ is a separate action, and, therefore, supplemental jurisdiction is not appropriate.

National Union argues that the Writs are indeed claims in one action. National Union bases this conclusion in part on the nature of the underlying lawsuit. In *Alford v. LaCoste*, the Plaintiffs joined together to bring a single lawsuit and filed identical claims against the defendant. National Union also relies on several characteristics of the Writs. Each of the Writs expresses the same claim: each Plaintiff seeks to be paid from McCoy's National Union insurance policy. Upon removal, all of the garnishment proceedings were docketed under the same federal civil case number. Therefore,

National Union argues, Plaintiffs have filed a single "complaint" and are part of a single action.

National Union's reliance on the character of the underlying state court action, *Alford v. LaCoste*, is misplaced. The Ninth Circuit has expressly held that a garnishment proceeding, although spurred from a judgment in a prior lawsuit, is a discrete action so as to be separately removable. *Swanson v. Liberty Nat'l Ins. Co.*, 353 F.2d 12, 13 (9th Cir. 1965); *Triad Mech., Inc. v. Coatings Unlimited, Inc.*, CV No. 07-516-HU, 2007 WL 2713842, at *7 (D. Or. Sept. 12, 2007). That is, garnishment is "an independent civil action" from the underlying lawsuit. *Swanson*, 353 F.2d at 13. In *Swanson*, the garnishor sought payment of a judgment from two insurances companies by initiating a garnishment proceeding in state court under the same case number as the underlying action. *Id.* at 12. The garnishee then removed the proceeding to district court. *Id.* The Ninth Circuit stated that "the labels the case had in the state court and the fact that the whole sequence had only one case number there are not determinative of the question of whether the garnishment issue is separable from the issue of [the underlying action] and thus can be considered an independent action." *Id.* at 13. *Swanson* compels the court to reject National Union's characterization of the garnishment proceedings in the state court or the claims in the underlying action when determining whether or not the Writs generate separate actions for garnishment. In addition, any documentation and case numbers linking the present action to the underlying action are "not determinative" of the issue at hand. Other factors provide appropriate guidance regarding the nature of the garnishment proceeding.

Although the Ninth Circuit has stated that the "separability [of a garnishment proceeding], so far as it affects removal, is in the end a federal question," the court may still consider state law when determining the nature of the proceeding. *Id.* at 13. The *Swanson* court noted that its

conclusion was consistent with state rules of civil procedure. *Id.* Looking to the treatment of writs of garnishment under Oregon law, the writ of garnishment is treated procedurally as a complaint and determines the date an action commences. Thus, each writ should be treated as a separate action against the garnishee.

First, the information presented in a writ of garnishment is treated by Oregon courts as if it were presented in a complaint. The writ of garnishment is "subject to the same objections as if [it] were a complaint in an original action." *Credit Service Co. v. Peters*, 115 Or. 633, 635 (1925). The allegations presented in the writ "are similar to a complaint and state the claim for relief against the garnishee." *Stumpf v. Eidemiller*, 94 Or. App. 576, 578 (1989). For example, in a motion to dismiss filed in a garnishment proceeding, the court examines the writ of garnishment for sufficiency as if it were the complaint. *Id.* Also, the plaintiff is limited to the allegations pleaded in the writ when establishing his case for the court. *Eisele v. Knight*, 234 Or. 468, 470 (1963). Likewise, "[i]f a garnishee wishes to raise a counterclaim against the judgment debtor as a defense in a garnishment proceeding, the answer should set forth the counterclaim with as much particularity as would be required in an answer to a complaint." *Shlim v. Charapata, Inc.*, 87 Or. App. 104, 107-08 (1987).

Therefore, each of the individual Writs in this case should be treated as a separate complaint. The fact that multiple complaints seek payment from a single insurance policy would not normally be sufficient for the court to combine the complaints into a single action, and National Union offers no compelling reason to make an exception here. Each separate judgment in *Alford v. LaCoste* formed the foundation of a right of action against the garnishee for each Plaintiff. Each Plaintiff, or judgment creditor, was responsible for asserting his or her own judgment, such as by writ of garnishment.

Further, Plaintiffs had a choice whether or not to join together their claims to file a single writ on behalf of all thirty Plaintiffs but they chose not to do so, and National Union cannot now force them into that rejected option. For example, in *National Union Fire Ins. Co. of Pittsburg, PA v. ESI Ergonomic Solutions, LLC*, plaintiffs each received individual judgments of $500 in a single underlying action and served a single writ of garnishment on the garnishee for the sum of their claims, which exceeded $75,000. 342 F. Supp. 2d 853, 858-61 (D. Ariz. 2004). The court treated the garnishment proceeding as a single action involving claims of several co-plaintiffs. *Id.* However, since the judgments were several and no individual claim satisfied the amount in controversy requirement, the court denied federal jurisdiction because aggregation was not appropriate. *Id.* Here, if Plaintiffs had chosen to join together to serve a single writ on National Union, this court would have considered the Plaintiffs' claims as several claims asserted in a single complaint. However, Plaintiffs have chosen to file their actions separately by choosing to serve separate writs (*i.e.*, complaints) on National Union.

Second, the garnishment action commences when the writ is delivered. The District of Oregon has held that "the thirty-day removal period is appropriately calculated from service of the garnishment action." *Triad Mech., Inc.*, 2007 WL 2713842, at *8. That is, the service of the garnishment writ commences the action against the garnishee. Although not the case here, the Writs could have been served on the garnishee on separate dates since they are discrete documents. Merely by choosing to serve National Union on the same day – in other words, merely deciding to commence their individual actions against National Union on the same day – Plaintiffs did not chose to join together their actions into a single action.

Therefore, the treatment of writs of garnishment by other courts in Oregon supports a

FINDINGS AND RECOMMENDATION    13                                           {KPLR}

conclusion that each Writ commenced a separate action against National Union. Because the Writs are separate actions – not separate claims in a single action – supplemental jurisdiction is not appropriate. Supplemental jurisdiction applies to co-plaintiffs permissively joined under Federal Rule of Civil Procedure 20. To exercise jurisdiction over all the Writs in this case would be the equivalent of forcing joinder on the Plaintiffs, which this court cannot do. Garnishors' motion for remand should be GRANTED.

### C. *Piecemeal litigation*

National Union requests that the court exercise jurisdiction over the Garnishors' Writs to prevent the expense of piecemeal litigation and because *Watson* will be tried in this district. However, federal courts are courts of limited jurisdiction that "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). As discussed above, the statutes do not grant this court jurisdiction over the claims of the Garnishors. Accordingly, National Union's jurisdictional argument fails.

### II.   Request for Attorney Fees

Garnishors request that the court award them attorney fees incurred as a result of the removal. Garnishors claim that National Union lacked an objectively reasonable basis for seeking removal of these actions, and therefore such an award is justified. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Because complete diversity was indeed present and there was no clear precedent controlling the court's determination of the amount in controversy requirement in garnishment proceedings like those here, the court concludes that National Union had an objectively reasonable basis for removal. Therefore, the Garnishors' request for attorney

FINDINGS AND RECOMMENDATION      14                                        {KPLR}

fees should be DENIED.

*Conclusion*

Based on the foregoing reasoning, Garnishors' Motion to Remand should be GRANTED, and Garnishors' request for attorney fees should be DENIED.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due December 2, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this the 18th day of November, 2010.

JOHN V. ACOSTA
United States Magistrate Judge