UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PAMELA ALFORD, *et al.*,					Civil No. 10-579-AC

    Plaintiffs,						ORDER

    v.

JOSEPH A. LACOSTE, *et al.*,

    Defendants.

HAGGERTY, District Judge:

    Magistrate Judge Acosta has issued a Findings and Recommendation [39] in this action. The Magistrate Judge recommends remanding twenty of the thirty garnishment proceedings in this matter to state court. Garnishee "National Union Fire Insurance Company of Pittsburgh, PA" (National Union) timely filed objections. For the following reasons, the Findings and Recommendation is adopted.

**DISCUSSION**

    When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review of that portion of the Magistrate Judge's report. 28 U.S.C. §

1- ORDER

636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Findings and Recommendation detailed the factual history of this matter and summarized the legal standards relevant to the issues in this case. These summaries are adopted.

National Union objects to two aspects of the Findings and Recommendation. National Union asserts that the Magistrate Judge failed to address the purpose of supplemental jurisdiction, and improperly relied upon a district court case when he recommended a remand to the state court. Both arguments are without merit.

The jurisdictional statute provides that district courts shall have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The court recognizes that it "must not give jurisdictional statutes a more expansive interpretation than their text warrants." *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 558 (2005).

The plain language of the statute makes clear that supplemental jurisdiction is unwarranted in this case. District courts are directed to extend supplemental jurisdiction to related claims within a single action, and not to separate actions. *See Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1006 (9th Cir. 2001) (holding that under a similar jurisdiction statute, the word "case" refers to the entire action, and a "claim" is one of the causes of action in the plaintiff's case); *see also Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 295 n.15 (5th Cir. 2010) (noting that supplemental jurisdiction applies to "claims that are within the same civil action"). Therefore, the

Magistrate Judge correctly concluded that supplemental jurisdiction was inappropriate in these consolidated cases because "each Writ is a separate action." Findings and Recommendation at 10.

National Union asserts that the purpose of the supplemental jurisdiction statute could be thwarted by allowing "multiple litigation over claims that the Magistrate agrees involve the same case or controversy." Objections at 3. However, the Findings and Recommendation addressed National Union's equitable concerns over possible piecemeal litigation. Findings and Recommendation at 14. The Magistrate Judge correctly noted that the court cannot exercise jurisdiction beyond what is authorized by Congress and the United States Constitution. *Id.*

The Findings and Recommendation also properly relied on *National Union Fire Insurance Co. of Pittsburgh, PA v. ESI Ergonomic Solutions, LLC*, 342 F. Supp. 2d. 853 (D. Ariz. 2004). In *ESI*, the plaintiff filed a class action against United Artists for violations of the Telephone Consumer Protection Act after receiving unsolicited advertisements from United Artists by facsimile. *Id.* at 855-56. The trial court entered a judgment in favor of each class member for the statutory amount of $500.00, plus interest. *Id.* at 856. The plaintiff then filed a garnishment action in state court against United Artists' insurance company to collect the judgment. *Id.* The insurance company removed the garnishment action to federal court based on diversity jurisdiction. *Id.* at 857.

The district court held that each member of the class had a separate and distinct claim to the proceeds of the insurance policy that stemmed from a similar wrong, but no claim arising from any jointly held right. *Id.* at 860-61. Therefore, the court determined that each claim for $500.00 could not be aggregated to satisfy the amount-in-controversy requirement, and the case was properly remanded to state court. *Id.*

National Union asserts that *ESI* is inapplicable because it does not seek to aggregate the writs of garnishment to meet the amount-in-controversy requirement, but instead asks the court to extend supplemental jurisdiction to the twenty writs that are less than $75,000. Objections at 3. This distinction is irrelevant.

As previously determined, the Findings and Recommendation properly determined that supplemental jurisdiction was inappropriate. Moreover, the Findings and Recommendation only relied on *ESI* to support its finding that the garnishment actions are separate and distinct, and cannot be treated as a single writ. Findings and Recommendation at 13. As separate and distinct actions for less than the statutory amount-in-controversy, the twenty writs at issue do not satisfy diversity jurisdiction and are not subject to supplemental jurisdiction under § 1367(a). Therefore, the Findings and Recommendation's remand order was not erroneous.

The Magistrate Judge also recommended denying the Garnishors' request for attorney fees. Because no objection was filed regarding this aspect of the Findings and Recommendation, the court need only satisfy itself that no clear error exists. *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196 (9th Cir. 1974). The court finds no clear error on the face of the record and adopts the Magistrate Judge's recommendation.

**CONCLUSION**

The Findings and Recommendation [39] is adopted. The Garnishors' motions for remand [4-23] are granted and the Garnishors' request for attorney fees is denied.

IT IS SO ORDERED.

Dated this   3   day of January, 2011.

                                                       /s/ Ancer L. Haggerty   
                                                            Ancer L. Haggerty  
                                                     United States District Judge